**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

REGINALD BELL,

        Plaintiff,

v.                                   Civil No. 18-13

STOP AND SHOP SUPERMARKET,

        Defendant.

_____

TO:    Reginald Bell, *Pro se*
           General Delivery
           Fredriksted, IV 00840

**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court upon *pro se* plaintiff Reginald Bell's Motion [ECF 14], which the Court construes as a motion to amend his complaint to assert claims for emotional distress damages and punitive damages pursuant to 42 U.S.C. § 12117(a) and 29 U.S.C. § 794 (a) (1).[1]

Leave to amend pleadings is generally "freely given." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006). Notwithstanding this liberal standard, however, courts will deny a motion to amend on grounds of dilatoriness or

---

[1]     Bell is entitled to amend his complaint as a matter of course under Federal Rule of Civil Procedure 15(a) (1); however, the Court should still perform an initial screening of Plaintiff's new claims pursuant to 28 U.S.C. § 1915(e)(2). Whether the Court engages in an initial screening of these new claims, or evaluates their validity in connection with a motion to amend, the standard to be applied is essentially the same.

*Bell v. Stop and Shop Supermarket*
Civil No. 2018-13
Page 2

undue delay, prejudice, bad faith or futility. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990).

Here plaintiff relies on several statutory provisions that he claims would support a request for damages under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act of 1973. [ECF 14]. The provisions plaintiff cites, however, do not apply to him. Bell asserts that under Title VII of the Civil Rights Act, he may request monetary relief. However, the remedies available under Title VII apply to claims of discrimination brought by employees.[2] As a sister court explained, "a plaintiff bringing an ADA retaliation claim involving employment will have the remedies of Title I of the ADA, which incorporates the remedies of Title VII, but a plaintiff bringing a retaliation claim involving public accommodations will have the remedies of Title III of the ADA, incorporating the remedies of Title II of the Civil Rights Act." *Datto v. Harrison,* 664 F. Supp. 2d 472, 487 (E.D. Pa. Sept. 9, 2009). As previously noted ([ECF 9] at 3), monetary damages are not available under Title III to a plaintiff in a private suit. As a result, the proposed amendment would be futile.

Upon the foregoing, the Court RECOMMENDS that Plaintiff's request to amend his complaint to add claims for monetary damages be DENIED.

Any objections to this Report and Recommendation must be filed in writing within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time

---

[2]    29 U.S.C. § 794, also cited by plaintiff, directs Executive agencies, the United States Postal Service, and organizations and institutions that receive Federal financial assistance to promulgate rules and regulations with respect to the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978.

*Bell v. Stop and Shop Supermarket*
Civil No. 2018-13
Page 3

shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge. 28 U.S.C. § 636(b)(1); LRCi 72.3.

Dated: August  30, 2018                                /s/_____
                                                                               RUTH MILLER
                                                                               MAGISTRATE JUDGE