NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

REGINALD BELL,

                Plaintiff,

      v.

STOP AND SHOP SUPERMARKET,

                Defendant.

Civ. No. 18-13

**OPINION**

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the U.S. Magistrate Judge's "Report and Recommendation" ("R&R") (ECF No. 9), in which the U.S. Magistrate Judge granted the Motion to Proceed *In Forma Pauperis* filed by Plaintiff Reginald Bell ("Plaintiff") (ECF No. 7) and recommended that the Court dismiss Plaintiff's claim for monetary damages with prejudice but allow Plaintiff's claim for injunctive relief to proceed. Plaintiff has not objected to the R&R. Defendant Stop and Shop Supermarket ("Defendant") objects only to the Magistrate Judge's recommendation that Plaintiff's claim for injunctive relief survive review under 28 U.S.C § 1915(e)(2). (ECF No. 25.) For the reasons stated herein, the Court adopts in part and rejects in part the R&R and dismisses the Complaint.

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

## BACKGROUND

### I.     The Complaint

Plaintiff alleges that he was refused service at Defendant's store because of his service

animal. (Compl. at 3, ECF No. 1.) Plaintiff asserts that he was asked to leave Defendant's store

by a manager and a government employee, despite having previously obtained permission to

visit the store with his service animal. (*Id.* at 3–4.) Plaintiff filed the present Complaint alleging

violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*,

and 28 C.F.R. Part 35. (*Id.* at 1.) The Complaint seeks $250,000 in damages and an injunction

directing Defendant to accommodate service animals and install signage welcoming service

animals. (*Id.* at 4.) Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No.

7.)

### II.    The Magistrate Judge's Report and Recommendation

The Magistrate Judge found that Plaintiff demonstrated his inability to pay the required

court costs and granted Plaintiff's application to proceed *In Forma Pauperis*. (R&R at 1, ECF

No. 9.) The Magistrate Judge then screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2)

and recommended that Plaintiff's claim for monetary damages be dismissed because monetary

damages are not an available remedy under Title III of the ADA. (*Id.* at 3–4.) The R&R also

recommended that Plaintiff's claim for injunctive relief under Title III of the ADA be permitted

to move forward. (*Id.* at 4.) The Magistrate Judge reasoned that "construed liberally, Plaintiff's

complaint satisfies the requirements that he show that he has a "plausible claim for relief." (*Id.*)

### III.   Defendant's Objection

Defendant objects only to the Magistrate Judge's finding that the Complaint sufficiently

makes out a plausible claim for injunctive relief. (Objection at 3–4, ECF No. 25.) Defendant

argues that Plaintiff has not made a prima facie claim for discrimination under Title III of the

ADA because (i) Plaintiff seeks relief under Title II, not Title III; (ii) Plaintiff does not allege

that Defendant is a public entity; (iii) the Complaint fails to plead that Plaintiff has a disability or

a qualifying disability; (iv) Plaintiff fails to allege that Defendant was aware of his disability; and

(v) Plaintiff lacks standing under the ADA. (*Id.* at 4.) Defendant also filed a Motion to Dismiss

that advances the same arguments. (ECF No. 22.)[2]

## STANDARD OF REVIEW

Objections to a Magistrate Judge's report and recommendation must be filed within

fourteen days. Fed. R. Civ. P. 72(b)(2). When a party files written objections,

> [a] judge of the court shall make a de novo determination of those portions of the
> report or specified proposed findings or recommendations to which objection is
> made. A judge of the court may accept, reject, or modify, in whole or in part, the
> findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1)(C).

Because Defendant timely objected to the Magistrate Judge's R&R, [3] the Court will

review *de novo* the portion of the R&R to which the objection is made.

In the absence of objections, the district court reviews the report and recommendation's

conclusions on dispositive issues for "plain error." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680

---

[2] Defendant moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). (Mem. of Law in Support of Def.'s Mot. to Dismiss at 1, ECF No. 23.) Defendant incorporates by reference the arguments made its Motion to Dismiss (ECF No. 22) in its Objection to the R&R. (ECF No. 25.) The Motion to Dismiss and the Objection were filed on the same day.

[3] The Magistrate Judge issued her R&R on August 15, 2018. (ECF No. 9.) Defendant requested an extension of time to respond to the R&R on August 29, 2018. (ECF No. 18.) The Magistrate Judge granted this request. (ECF No. 20.) Defendant filed its Objection to the R&R on September 6, 2018. (ECF No. 25.) Although Defendant's Objection was outside the fourteen-day window mandated by Rule 72(b)(2), the Defendant's Objection was within the extended response time granted by the Court.

(W.D. Pa. 2006) (citing *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)), *aff'd* 276 F. App'x 125 (3d Cir. 2008). Under this standard, the district court will defer to the Magistrate Judge's rulings unless the error was "'clear' or 'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Id.* (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)).

## LEGAL STANDARD

In a proceeding *in forma pauperis*, a complaint may be subject to *sua sponte* dismissal if the complaint is frivolous, fails to state a claim upon which relief may be granted, or seeks money damages from defendants who are immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B); *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*,

4

578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the

facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*,

556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. While courts construe *pro se* pleadings less

stringently than formal pleadings drafted by attorneys, "*pro se* litigants still must allege sufficient

facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245

(3d Cir. 2013) (citation omitted).

## DISCUSSION

### I.      Construction of the Complaint

The Complaint alleges a violation of Title II of the ADA. (Compl. at 1.) Title II applies to

public entities, such as state and local governments. 42 U.S.C. § 1213. Defendant correctly notes

that it is an improper defendant for a Title II action. (Objection at 3.) Because Title II cannot

afford Plaintiff relief, the Magistrate Judge construed the Complaint to assert a claim under Title

III of the ADA, which applies to places of public accommodation. (R&R at 2 (citing 42 U.S.C. §

12182(a)).)

The Court agrees with the Magistrate Judge's construction of Plaintiff's claim. A

document filed *pro se* is "to be liberally construed," and "must be held to less stringent standards

than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting

*Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Because Title II is clearly the incorrect vehicle

for Plaintiff's claim, the Court will construe the Complaint to seek relief under Title III of the

ADA, which provides an appropriate basis for the claim.

### III.    Title III of the ADA

#### A.      *Standing*

To assert standing for a Title III ADA claim, a plaintiff must demonstrate a likelihood of

returning to the place of the alleged ADA violation, such that the threat of future injury is concrete and particularized. *Anderson v. Macy's, Inc.*, 943 F. Supp. 2d 531, 539 (W.D. Pa. 2013). Plaintiff alleges that he frequently shops at Defendant's store and that he has been there at least twenty times with his service animal. (Compl. at 4.) The Court finds that given Plaintiff's repeated visits to Defendant's store, Plaintiff has demonstrated a likelihood of returning to the place of the alleged ADA violation, and thus that the threat of future injury is concrete and particularized. Accordingly, the Court concludes at this stage of the case that Plaintiff has standing under Title III of the ADA.

        B.      *Prima Facie Claim*

To establish a failure-to-accommodate claim, a plaintiff must show that (1) he is disabled, (2) the defendant is a "public accommodation" under Title III of the ADA, and (3) the defendant "unlawfully discriminated against him on the basis of his disability by (a) failing to make a reasonable modification that was (b) necessary to accommodate his disability." *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019). Disability is defined under the ADA as a "physical or mental impairment that substantially limits one or more of the major life activities of such an individual; a record of such an impairment; or being regarded as having such an impairment." *Sharrow v. Bailey*, 910 F. Supp. 187, 191 (M.D. Pa. 1995) (quoting 42 U.S.C. § 12102(2)).

Construing Plaintiff's *pro se* Complaint liberally, the Court finds that Plaintiff has not adequately pleaded that Defendant failed to make a reasonable accommodation for Plaintiff's disability under Title III of the ADA. The Complaint states that Plaintiff "walked into Stop and Shop Supermarket and was approached by Manager and told to leave store because of my service animal." (Compl. at 3.) Plaintiff alleges that the manager had previously given him

permission to bring the service animal into the store and that he has "been in Stop and Shop 20 times with [his] service animal incident free." (*Id.* at 3–4.) However, beyond the existence of his service animal, Plaintiff does not allege that he is disabled, nor does he provide any facts about his disability or explain why he needs a service animal. Because Plaintiff does not allege that he is disabled, Plaintiff has not stated a claim on which relief can be granted under Title III.

The Court is mindful of the fact that Plaintiff is proceeding *pro se* and that his Complaint, however "inartfully pleaded," must be "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. Nevertheless, Plaintiff's failure to allege a disability is fundamental deficiency of his Complaint. Plaintiff was placed on notice of this deficiency through Defendant's Motion to Dismiss. Further, the Magistrate Judge held a status conference on December 11, 2018 during which the parties discussed Defendant's Motion to Dismiss and the absence of a disability alleged in the Complaint. (Mins. for Dec. 11, 2018 Status Conference at 2, ECF No. 29.) Plaintiff requested additional time to amend his Complaint to cure the deficiency or to respond to the Motion to Dismiss, but he has failed to do so. (*Id.* at 2.) The Court finds that under these circumstances, dismissal of the Complaint is warranted due to Plaintiff's failure to state a claim upon which relief may be granted. For that reason, the Court rejects the Magistrate Judge's recommendation that Plaintiff's claim for injunctive relief be permitted to proceed.

C.    *Monetary Damages*

A private suit brought under Title III of the ADA can only seek injunctive relief. *See* 42 U.S.C. § 12188(a)(1) (providing only for injunctive relief pursuant to 42 U.S.C. § 2000a-3(a)); *Doe v. Law Sch. Admission Council, Inc.*, 791 F. App'x 316, 319 (3d Cir. 2019) ("[D]amages are not available under Title III of the ADA."). Therefore, the Court adopts the Magistrate Judge's

recommendation that Plaintiff's claim for monetary damages be dismissed.

**IV.     Leave to Amend**

When dismissing a civil rights case for failure to state a claim, courts generally offer an

amendment, even when it is not requested, unless doing so would be inequitable or futile.

*Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007).

Accordingly, the Court will grant Plaintiff leave to amend the Complaint within thirty days to

cure the specific deficiencies identified in this Opinion.

**CONCLUSION**

For the foregoing reasons, the Magistrate Judge's R&R (ECF No. 9) is adopted in part

and rejected in part, and the Complaint (ECF No. 1) is dismissed. Defendant's Motion to Dismiss

(ECF No. 22) is moot. An appropriate Order will follow.


Date: <u>October 15, 2020</u>                                          */s/ Anne E. Thompson*
                                                                  ANNE E. THOMPSON, U.S.D.J.