NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

REGINALD BELL,

    Plaintiff,

v.

STOP AND SHOP SUPERMARKET,

    Defendant.

Civ. No. 18-13

**OPINION**

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon the U.S. Magistrate Judge's "Report and Recommendation" ("R&R") (ECF No. 19), in which the U.S. Magistrate Judge denied Plaintiff Reginald Bell's Motion to Amend (ECF No. 10). Plaintiff Reginald Bell ("Plaintiff") has not objected to the R&R. For the reasons stated herein, the Court adopts the R&R and denies Plaintiff's Motion to Amend.

## BACKGROUND

Plaintiff alleges that he was refused service at Defendant Stop and Shop Supermarket ("Defendant") because of his service animal. (Compl. at 3, ECF No. 1.) On May 9, 2018, Plaintiff filed the Complaint, alleging violations of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and 28 C.F.R. Part 35. (*Id.* at 1.) Plaintiff seeks $250,000 in damages and an injunction directing Defendant to accommodate service animals and

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

to post signage welcoming service animals. (*Id.* at 4.)

On August 15, 2018, the Magistrate Judge filed a Report and Recommendation, which granted Plaintiff's Application to Proceed *In Forma Pauperis* and, upon screening the Complaint, dismissed Plaintiff's claim for monetary damages. (Aug. 15, 2018 R&R at 4, ECF No. 9.) On October 15, 2020, the District Judge adopted in part and rejected in part the R&R and dismissed the Complaint in its entirety and granted Plaintiff thirty days leave to amend the Complaint. (ECF No. 32.) On August 23, 2018, Plaintiff filed a motion seeking to amend the Complaint to include claims for emotional distress damages and punitive damages pursuant to (1) Title VII of the Civil Rights Act of 1964, (2) the ADA, and (3) the Rehabilitation Act of 1973. (Mot. at 1, ECF No. 14.) On August 30, 2018, the Magistrate Judge filed the present R&R denying Plaintiff's Motion to Amend. (ECF No. 19.)

## STANDARD OF REVIEW

Objections to a Magistrate Judge's report and recommendation must be filed within fourteen days. Fed. R. Civ. P. 72(b)(2). Where parties do not object to a Magistrate Judge's report and recommendation, a district court is not required to review the report and recommendation before accepting it. *Thomas v. Arn*, 474 U.S. 140, 151 (1985); *see also Banco Popular de Puerto Rico v. Gilbert*, 424 F. App'x 151, 153 (3d Cir. 2011). The "better practice," however, "is for the district judge to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). In the absence of objections, the district court reviews the report and recommendation's conclusions on dispositive issues for "plain error." *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (citing *Henderson*, 812 F.2d at 878), *aff'd* 276 F. App'x 125 (3d Cir. 2008). Under this standard, the district court will defer to the Magistrate Judge's rulings unless the error was "'clear' or

'obvious' and seriously affect[s] the fairness or integrity of the judicial proceedings." *Id.* (citing *United States v. Sargeant*, 171 F. App'x 954, 957 n.4 (3d Cir. 2006)). Because the parties have not objected to the Magistrate Judge's R&R in this case, the Court reviews the R&R under a plain error standard of review.

## LEGAL STANDARD

After amending as of right, a plaintiff may further amend its pleading with the opposing party's written consent or the court's leave. *See* Fed. R. Civ. P. 15(a)(2). The court should freely grant leave to amend when justice so requires. *Id.* The district court may exercise its discretion to deny leave to amend a complaint, but it must provide a reason for doing so, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

## DISCUSSION

The R&R correctly concludes that Plaintiff's proposed amendments to the Complaint would be futile. (R&R at 2.) First, Title VII of the Civil Rights Act only applies to the employment context. *See* 42 U.S.C. § 2000e *et seq*. Plaintiff has not alleged that he was an employee of Defendant. Second, Title III of the ADA does not allow monetary damages. *See Doe v. Law Sch. Admission Council, Inc.*, 791 F. App'x 316, 319 (3d Cir. 2019). Damages for emotional distress and punitive damages are both forms of monetary damages. Third, the Rehabilitation Act prohibits discrimination based on disability "under any program or activity receiving Federal financial assistance" or "conducted by an Executive agency or by the United States Postal Service." 29 U.S.C. § 794(a). Plaintiff has not alleged that Defendant received

3

federal financial assistance. Accordingly, none of Plaintiff's proposed amendments state a claim upon which relief can be granted.

## **CONCLUSION**

For the foregoing reasons, the Magistrate Judge's R&R (ECF No. 19) is adopted, and Plaintiff's Motion to Amend (ECF No. 14) is denied. An appropriate Order will follow.


Date: <u>October 16, 2020</u>                                        */s/ Anne E. Thompson*_____
                                                                                ANNE E. THOMPSON, U.S.D.J.